IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

ARTHUR LEE HUNTER, #199 696   *

    Plaintiff,   *

    v.   *   1:10-CV-302-ID
        (WO)
EASTERLING, *et al.*,   *

    Defendants.   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Elba Work Release Center in Elba, Alabama, brings this action pursuant to 42 U.S.C. § 1983. In January 2010 Plaintiff received injuries when the prison transport van he was riding in was involved in an accident with another vehicle. He alleges that he did not receive medical attention at the scene of the accident; he has not received medical treatment for his injuries since the accident; he has not received any legal statements concerning the accident, and he has not been interviewed about the accident by state investigators. Plaintiff seeks medical treatment and $1.5 million in damages. Plaintiff further requests that Defendants be ordered to produce accident reports from the Alabama Department of Corrections and the Dothan Police Department as well as copies of all claims, including vehicle repair claims, and payments that prison officials have received in

personal settlement from "private citizen ALFA Insurance Co." (*Doc. No. 1 at pgs. 2-4.*)  Named as defendants to the instant action are the Easterling Correctional Facility, the Alabama Department of Corrections, and the Alfa Insurance Company. Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

### A. *Easterling Correctional Facility and the Alabama Department of Corrections*

The Easterling Correctional Facility and the Alabama Department of Corrections are not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Easterling Correctional Facility and the Alabama Department of Corrections are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### B. *Alfa Insurance Company*

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation . . . *and* that 'the party charged with the deprivation [is] a person[/entity] who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50 (emphasis in original) (citation omitted); *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347-48 (11th Cir. 2001). *See also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982) ( "Careful adherence to the 'state action' requirement . . . avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Here, there is no indication that the Alfa Insurance Company acts under color of state law and/or may be considered a state actor.[2] Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42

---

[2] Although it is possible for a private individual or corporation to act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980). Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state, with the inquiry involving "whether there is a sufficiently close nexus between the State and the challenged action of the . . . entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974).

U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar*, 457 U.S. at 936; *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 721 (1961). Accordingly, Plaintiff's claims against this defendant are due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's complaint against the Easterling Correctional Facility, the Alabama Department of Corrections, and the Alfa Insurance Company be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

2.   This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 22, 2010**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by

the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of July, 2010.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE